**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

Civil Action No. ___6:20-cv-00296_____

HELEN AQUINO,

     Plaintiff,

v.

HY CITE ENTERPRISES, LLC,

     Defendant.

_____/

## **COMPLAINT**

NOW COMES Plaintiff, HELEN AQUINO, through undersigned counsel, complaining of Defendant, HY CITE ENTERPRISES, LLC, as follows:

## **NATURE OF THE ACTION**

1.     This is an action seeking redress for alleged violation(s) of the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq*. and the Florida Consumer Collection Practices Act (the "CCPA"), Fla. Stat. § 559.55 *et seq*.

## **JURISDICTION AND VENUE**

2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4.     Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## **PARTIES**

1

5.      HELEN AQUINO ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Orlando, Florida.

6.      Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7.      Plaintiff is a "consumer" as defined by Fla. Stat. § 559.55(8).

8.      HY CITE ENTERPRISES, LLC, ("Hy Cite") is a limited liability company organized and existing under the laws of the state of Wisconsin.

9.      Hy Cite has its principal place of business at 333 Holtzman Road, Madison, Wisconsin 53713.

10.     Hy Cite is a "person" as defined by 47 U.S.C. § 153(39).

11.     Hy Cite is a "debt collector" as defined by Fla. Stat. § 559.55(7).

## FACTUAL ALLEGATIONS

12.     At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 8711.

13.     At all times relevant, Plaintiff's number ending in 8711 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

14.     At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

15.     Hy Cite is a family-owned direct seller of cookware, water filtration, juicers and other kitchen products.

16.     The company markets its own brands of cookware – Royal Prestige, NutraEase and Kitchen Charm.

17.     Plaintiff purchased cookware.

2

18.     Unfortunately, this cookware did not properly work.

19.     Accordingly, Plaintiff attempted returning this cookware.

20.     Hy Cite, however, did not accept Plaintiff's return.

21.     Plaintiff did not pay anymore.

22.     Weeks ago, Plaintiff started to receive daily phone calls from Hy Cite.

23.     On multiple occasions, Plaintiff answered.

24.     Often times, Plaintiff answers and the call is quickly dropped.

25.     Other times, however, Plaintiff answered, was met by clear pause, and was forced to say "Hello, Hello, Hello" prior to being connected to Hy Cite's agent.

26.     Plaintiff advised Hy Cite's agent she was not paying.

27.     Despite Plaintiff's protest, Hy Cite's agent continued to pressure Plaintiff into payment.

28.     Frustrated, Plaintiff ordered Hy Cite's agent to stop calling.

29.     Unfortunately, Hy Cite's daily phone calls continue to be received from number(s) leading back to Hy Cite – including (800) 280-9708.

30.     Hy Cite's phone calls resulted in aggravation that accompanies persistent and unwanted phone calls, anxiety, distress, increased risk of personal injury resulting from distraction, intrusion upon and occupation of Plaintiff's cellular telephone capacity, invasion of privacy, loss of concentration, nuisance, stress, and wasted time.

31.     Concerned with having had his rights violated, Plaintiff sought counsel to ensure that Hy Cite's unlawful collection practices stopped.

32.     Accordingly, Plaintiff is forced to expend energy and/or time consulting with attorneys as direct results of Hy Cite's unlawful collection practices.

**CLAIMS FOR RELIEF**

**COUNT I:**
**Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)**

33.     Paragraphs 12 through 32 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

34.     Hy Cite placed or caused to be placed non-emergency phone calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

35.     Upon information and belief, based on the "clear pause" Plaintiff experienced on multiple occasions, Hy Cite employed an ATDS to place calls to Plaintiff's cellular telephone.

36.     Upon information and belief, based on the frequency of dropped phone calls, Hy Cite employed an ATDS to place calls to Plaintiff's cellular telephone.

37.     Upon information and belief, the ATDS employed by Hy Cite transfers the call to a live representative once a human voice is detected, hence the clear pause.

38.     Upon information and belief, the ATDS employed by Hy Cite terminates the call if no such live representative is available.

39.     Upon information and belief, the ATDS employed by Hy Cite has the ***capacity*** – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

40.     Upon information and belief, Hy Cite acted through its agents, employees, and/or representatives at all times relevant.

41.     As a result of Hy Cite's violations of 47 U.S.C. §227 (b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

42.     As a result of Hy Cite's *knowing and willful violations* of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiff requests the following relief:

A.      a finding that Hy Cite violated 47 U.S.C. § 227 *et seq*.;

B.      an award of statutory damages of at least $500.00 for each and every violation;

C.      an award of treble damages of up to $1,500.00 for each and every violation; and

D.      an award of such other relief as this Court deems just and proper.

## COUNT II:
## Florida Consumer Collection Practices Act (Fla. Stat. § 559.55 *et seq*.)

43.     Paragraphs 12 through 32 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

## Violation(s) of Fla. Stat. § 559.72

44.     Subsection 559.72(7) of the CCPA provides:

In collecting consumer debts, no person shall:

(7)     Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct

5

> which can reasonably be expected to abuse or harass the debtor or
> any member of her or his family.

Fla. Stat. § 559.72(7).

45.     Hy Cite violated Fla. Stat. § 559.72(7) by continuing to call Plaintiff after being

asked to stop.  . *See Waite v. Fin. Recovery Servs., Inc*., 2010 U.S. Dist. LEXIS 133438, 2010 WL

5209350, at *3 (M.D. Fla. Dec. 16, 2010). (misconduct includes calling the plaintiff after being

asked to stop).

46.     Plaintiff may enforce the provisions of Fla. Stat. § 559.72(7) pursuant to Fla. Stat.

§ 559.77(2) which provides:

> Any person who fails to comply with any provision of s. 559.72 is liable for actual
> damages and for additional statutory damages as the court may allow, but not
> exceeding $1,000, together with court costs and reasonable attorney's fees incurred
> by the plaintiff.

**WHEREFORE**, Plaintiff requests the following relief:

A.     a finding that Hy Cite violated Fla. Stat. § 559.72(7);

B.     an award of actual damages sustained by Plaintiffs as a result of Hy Cite's

violation(s);

C.     an award of additional statutory damages, as the Court may allow, but not

exceeding $1,000.00;

D.     an award of court costs and reasonable attorney's fees incurred by Plaintiff; and

E.     an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demands a trial by jury of any and all issues in this action so triable of right.

DATED: February 20, 2020

Respectfully submitted,

**HELEN AQUINO**

By: _Alexander J. Taylor_

Alexander J. Taylor
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
ataylor@sulaimanlaw.com